[Cite as *In re A.M.*, 2017-Ohio-7624.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


IN RE: A.M.                    :          APPEAL NOS. C-160532
                                                      C-160533
                               :          TRIAL NOS. 15-1879Z
                                                      15-3035Z
                               :


                               :          *O P I N I O N.*


Appeals From:  Hamilton County Juvenile Court

Judgments Appealed From Are:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:   September 15, 2017


*Office of the Ohio Public Defender* and *Charland Boland,* Assistant State Public Defender, for Defendant-Appellant,

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Havlin*, Assistant Prosecuting Attorney, for Plaintiff-Appellee.

**DETERS, Judge.**

{¶1}  Appellant A.M. appeals the judgments of the Hamilton County Juvenile Court denying his motions to include as confinement credit under R.C. 2152.18(B) time served at the Abraxas Ohio Residential Treatment Center ("Abraxas"). We cannot determine if A.M. was confined at Abraxas for purposes of R.C. 2152.18(B), because the trial court denied A.M.'s motions without taking any evidence or making any findings regarding the nature of the Abraxas facility or A.M.'s time at Abraxas, pursuant to the guidelines articulated in *In re D.P.*, 1st Dist. Hamilton No. C-140518, 2014-Ohio-5414. We, therefore, reverse the judgments of the juvenile court and remand the matters for the development of the record and for findings consistent with *In re D.P.*

## Factual and Procedural Background

{¶2}  On May 7, 2015, in the case numbered 15-1879Z, the juvenile court adjudicated A.M. delinquent for committing acts, which had they been committed by an adult, would have constituted the offense of statutory rape, a first-degree felony. On May 21, 2015, in the case numbered 15-3035Z, the juvenile court adjudicated A.M. delinquent for committing acts, which had they been committed by an adult, would have constituted theft, a fifth-degree felony.

{¶3}  On July 18, 2015, at the dispositional hearing, the juvenile court suspended A.M.'s commitments to the Department of Youth Services ("DYS"), placed him on indefinite probation under each case number, and ordered him to obey all laws and orders of the court.  In the case numbered 15-1879Z, the court ordered A.M. to complete the residential treatment program at Paint Creek Youth Center ("Paint Creek").  On November 2, 2015, after A.M. was terminated from Paint Creek, he was

transferred to the residential treatment program at Abraxas. He remained there until March 11, 2016.

{¶4} On April 15, 2016, the juvenile court, after finding that A.M. had violated the terms of his probation while at Paint Creek and Abraxas, terminated A.M.'s probation in both cases, imposed the suspended commitments to DYS, and ordered them to be served consecutively. The juvenile court granted A.M. credit for the 231 days he had spent at the Hamilton County Youth Center and Paint Creek.

{¶5} On April 20, 2016, A.M. filed in each case a motion requesting credit for three additional days he had spent at Paint Creek and the Hamilton County Youth Center and for 131 days he had spent at Abraxas. The juvenile court granted A.M. the additional three days of credit, but denied credit for the 131 days spent at Abraxas.

{¶6} At oral argument on the motion, A.M.'s counsel asserted that "Abraxas is just as restrictive, if not more restrictive than Hillcrest," the facility at issue in *In re T.W.*, 2016-Ohio-3131, 66 N.E.3d 93 (1st Dist.). The juvenile court disagreed, stating that because "the testimony in *In re T.W.* was taken only on the secure system at Hillcrest, the decision applied to only those cases involving placement at Hillcrest." A.M.'s counsel requested a hearing to present evidence regarding Abraxas and A.M.'s time there. The juvenile court denied counsel's request, stating that A.M. did not want a hearing because the court "knowing what [it] knows" about the Abraxas and Hillcrest facilities would not grant confinement credit for Abraxas because it would not have granted confinement credit for Hillcrest.

## Analysis

{¶7} In his first assignment of error, A.M. asserts the juvenile court erred "by denying his request for a hearing to present evidence regarding his confinement

3

at Abraxas in order to receive credit in violation of R.C. 2152.18(B); *In re D.P.*, 1st Dist. Hamilton No. C-140158, 2014-Ohio-5414, Fifth and Fourteenth Amendments to the U.S. Constitution; and Article 1, Section 16 Ohio Constitution." In his second assignment of error, A.M. asserts that the juvenile court erred by failing to credit him with the time he was confined at Abraxas. Because A.M.'s assignments of error are interrelated, we address them together.

{¶8} R.C. 2152.18(B) requires the juvenile court, when committing a delinquent child to the custody of DYS, "to state in the order of commitment the total number of days that the child has been confined in connection with the delinquent child complaint upon which the order of commitment is based." DYS must then "reduce the minimum period of institutionalization that was ordered * * * by the total number of days that the child has been so confined as stated by the court in the order of commitment." While the term "confined" is not defined in the statute, the statute expressly prohibits the juvenile court from including days that the child has been on electronic monitoring, on house arrest, or confined in a halfway house. R.C. 2152.18(B).

{¶9} In *In re D.P.*, this court provided guidelines for determining whether a child has been confined for purposes of R.C. 2152.18(B). *In re D.P.* at ¶ 18. Following the interpretation of "confinement" set forth in *State v. Napier*, 93 Ohio St.3d 646, 758 N.E.2d 1127 (2001), we held

> [T]he juvenile court[] must review the nature of the facility to see if it is a secure facility with measures sufficient to ensure the safety of the surrounding community. [It] must also review the nature of the restrictions on the juvenile at the facility to determine if the juvenile

4

was "free to come and go as he wished" or if he was "subject to the control of the staff regarding personal liberties."

*In re D.P.* at ¶ 18.

{¶10} In *In re D.P.*, this court did not have a sufficient record to determine whether the child had been confined at the Hillcrest facility because the parties had failed to present any evidence regarding the nature of the facility or the conditions affecting the child's personal liberties. The juvenile court, likewise, did not make any findings relative to the nature of the facility or D.P.'s time there. Without this evidence, we could not determine if D.P. had been confined at Hillcrest under the guidelines we had adopted. Consequently, we remanded D.P.'s case to the juvenile court for development of the record regarding the nature of the Hillcrest facility and the staff's control regarding D.P.'s personal liberties and for the juvenile court to determine whether he had been "confined" within the meaning of R.C. 2152.18(B). *Id.* at ¶ 20.

{¶11} Subsequently, in *In re T.W.*, 1st Dist. Hamilton No. C-150327, 2016-Ohio-3131, this court affirmed the juvenile court's decision ordering that T.W.'s DYS commitment be reduced by the 207 days he had spent at the Hillcrest facility. After reviewing the evidence that had been presented in the juvenile court in light of the *D.P.* guidelines, we concluded that juveniles at Hillcrest were confined for purposes of R.C. 2152.18(B) because Hillcrest had measures in place to protect the community, and that the children at Hillcrest were subject to the control of staff regarding their personal liberties. *Id.* at ¶ 12-15.

{¶12} Here, the juvenile court ignored the guidelines for awarding confinement credit set forth in *In re D.P.* and focused solely on this court's decision

5

in *In re T.W.* But contrary to the juvenile court's interpretation, *In re T.W.* does not stand for the proposition that no other facilities outside of Hillcrest will be considered confinement. As A.M. points out, the guidelines in *In re D.P.* require the juvenile court to consider each facility on an individual basis and to make findings regarding the nature of the facility and the restrictions on the juvenile during his placement there, so that this court may conduct a meaningful review.

{¶13} Other appellate courts that have interpreted R.C. 2152.18(B) have adopted guidelines based on *Napier*'s definition of confinement and have determined that other types of facilities may be considered confinement based on the nature of the facility and the conditions affecting the juvenile's personal liberties. *See In re K.A.*, 6th Dist. Lucas No. L-12-1334, 2013-Ohio-3847 (holding that juvenile was entitled to credit for time at Youth Treatment Center); *In re D.P.*, 3d Dist. Auglaize Nos. 2-15-13 and 2-15-14, 2016-Ohio-1312 (holding juvenile was entitled to credit for time at West Central Juvenile Rehabilitation Center); *In re J.K.S.*, 8th Dist. Cuyahoga Nos. 101967 and 107968, 2015-Ohio-1312, ¶ 10-12 (holding juvenile's placement at a residential "locked intensive treatment unit" was confinement). The Eleventh Appellate District has reversed a juvenile court's decision to deny confinement credit where the juvenile court applied the wrong law and the evidentiary record had not been developed so as to permit a meaningful review of the juvenile facility and the severity of the restrictions placed upon the juvenile. *See In re J.C.E.*, 11th Dist. Geauga No. 2016 W-G-0062, 2016-Ohio-7843, ¶ 42-47.

{¶14} Here, the juvenile court's bare assertion that Abraxas would not qualify as confinement because it is a residential treatment program is insufficient to permit this court to conduct any meaningful review. While the juvenile court may be

familiar with the Abraxas facility, the scant record before us does not permit this court to effectively review the juvenile court's determination that A.M. was not entitled to confinement credit.

{¶15} We therefore, sustain A.M.'s assignments of error on the authority of *In re D.P.*, reverse the judgments of the juvenile court, and remand this cause for further proceedings consistent with this opinion and the law.

Judgments reversed and cause remanded.

MOCK, P.J., and ZAYAS, J., concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.