[Cite as *In re M.F.*, 2019-Ohio-709.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 107452 and 107455**

**IN RE: M.F.**
**Minor Child**

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. DL 16109093 and DL 17114502

**BEFORE:** Keough, J., S. Gallagher, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** February 28, 2019

**ATTORNEY FOR APPELLANT**

Tim Young
Ohio Public Defender
By: Lauren Hammersmith
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEES**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Michael A. Short
Assistant County Prosecutor
1200 Ontario Street, 9th  Floor
Cleveland, Ohio 44113

**Also Listed**

**For T.S. (Mother)**

T.S.
5069 Stanley Avenue
Maple Hts., Ohio 44137

**For J.F. (Father)**

J.F.
719 Cedar Avenue
Ravenna, Ohio 44137




KATHLEEN ANN KEOUGH, J.:

{¶1}    M.F. appeals the juvenile court's judgment denying her motion for recalculation

of confinement credit.   She contends that she was "confined" at the Carrington Youth Academy

("CYA") for 126 days, and the juvenile court erred by failing to credit her with the days she spent

there. We reverse and remand with instructions for the trial court to hold a hearing to determine whether M.F. was "confined" at CYA for purposes of R.C. 2152.18(B) so as to be entitled to credit for the time she spent there.

## I. Background

{¶2}    In July 2016, M.F. was charged by complaint in Cuyahoga Juvenile Court No. DL 16109093 with offenses which, if committed by an adult, would constitute tampering with evidence, with a firearm specification; conveying a deadly weapon or dangerous ordnance in a school safety zone, with a firearm specification; carrying a concealed weapon; and falsification. In August 2016, M.F. admitted to and was adjudicated delinquent on all counts, and the firearm specifications were dismissed.    At disposition, the court committed M.F. to the Ohio Department of Youth Services ("ODYS") for a minimum period of 6 months, maximum to her 21st birthday, and suspended the commitment on the condition that she comply with the terms of probation.

{¶3}    In September 2017, M.F. was charged in Cuyahoga Juvenile Court No. DL 17114502 for an offense which, if committed by an adult, would constitute domestic violence. Following trial, the juvenile court found M.F. delinquent and committed her to ODYS for a minimum period of six months, maximum to age 21.    The court invoked the suspended six-month sentence in No. DL 16109093 and ordered that the sentence be served consecutive to the sentence in No. DL 17114502.    The juvenile court granted M.F. 13 days credit for time served.

**{¶4}** M.F. subsequently filed motions in both cases for recalculation of confinement credit. She asserted that she was confined for a total of 168 days relating to the two cases, including 126 days at the CYA. Without holding a hearing on the motions, the trial court granted M.F.'s motions in part and denied them in part. It granted M.F. 42 days credit for time served at the Cuyahoga County Juvenile Detention Center but denied credit for time served at the CYA. This appeal followed.

## II. Law and Analysis

**{¶5}** In her single assignment of error, M.F. contends that the juvenile court erred by not granting her credit for the 126 days she was at the CYA.

**{¶6}** R.C. 2152.18(B) provides that when a juvenile court commits a delinquent child to ODYS custody, "the court shall state in the order of commitment the total number of days that the child has been confined in connection with the delinquent child complaint upon which the order of commitment is based." ODYS must then "reduce the minimum period of institutionalization that was ordered * * * by the total number of days that the child has been so confined as stated by the court in the order of commitment." *Id.*

**{¶7}** The term "confined" is not defined in R.C. Chapter 2152. Nevertheless, this court and others have recognized that the term is to be defined broadly. *In re J.K.S.*, 8th Dist. Cuyahoga Nos. 101967 and 101968, 2015-Ohio-1312, ¶ 10, citing *In re D.P.*, 1st Dist. Hamilton No. C-140158, 2014-Ohio-5414, ¶ 18; *In re K.A.*, 6th Dist. Lucas No. L-12-1334, 2013-Ohio-3847, ¶ 23. In considering whether a juvenile is "confined" in a facility for purposes of R.C. 2152.18(B),

juvenile courts must review the nature of the facility, to see if it is a secure facility with measures sufficient to ensure the safety of the surrounding community. They must also review the nature of the restrictions on the juvenile at the facility to determine if the juvenile was "free to come and go as he wished" or if he was "subject to the control of the staff regarding personal liberties.

*In re J.K.S.* at ¶ 10, quoting *In re D.P.* at ¶ 18.

{¶8} In this case, there is nothing in the record from which we can ascertain whether M.F.'s time at CYA constitutes "confinement" for purposes of R.C. 2152.18(B). The parties cite to no evidence in the record regarding the nature of the CYA or the conditions affecting M.F.'s personal liberties during her time there.

{¶9} Likewise, the juvenile court did not take any evidence or make any findings relative to the nature of the CYA or M.F.'s time there before denying M.F. credit for the time she served there. The court's journal entry states:

> This court, aware that Carrington Youth Academy is a similar facility to Cleveland Christian Home and that youth in shelter care are monitored and supervised on a lower level than those who are in residential treatment, finds that Carrington Youth Academy, in its shelter care status, does not meet the definition of secured facility.

{¶10} But the court's alleged personal knowledge cannot substitute for evidence regarding the qualities of the CYA and the specific nature of M.F.'s experience there in order to determine whether she was sufficiently restricted so as to constitute "confinement" for purposes of R.C. 2152.18(B). Without such evidence, the trial court could not adequately determine whether M.F. was entitled to credit for the time she spent at the CYA.

{¶11} Furthermore, without any evidence in the record regarding the qualities of the CYA and M.F.'s experience there, we cannot conduct a meaningful review of whether M.F. was

"confined" at the CYA so as to be entitled to credit for the time she spent there. Accordingly, we reverse the trial court's judgments denying her motions for recalculation of confinement credit, and remand with instructions for the court to hold a hearing at which it considers evidence relating to the nature of the CYA to determine if it is a secure facility, and to the nature of the restrictions on M.F. while she was at the CYA to determine if she was free to come and go as she wished, or if she was subject to the control of the staff regarding her personal liberties. We note that the state concedes that the trial court erred in not holding a hearing on M.F.'s motion.

{¶12} Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER, P.J., and
LARRY A. JONES, SR., J., CONCUR