[Cite as *In re D.P.*, 2014-Ohio-5414.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE: D.P.                  :          APPEAL NO. C-140158
                                        TRIAL NO. 13-487Z
                             :

                             :          *O P I N I O N.*

Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  December 10, 2014

*Gordon C. Magella* for Appellant D.P.,

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Rachel Lipman Curran,* Assistant Prosecuting Attorney, for Appellee State of Ohio.

Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}   D.P. appeals the February 27, 2014 judgment of the Hamilton County Juvenile Court that committed him to the Department of Youth Services ("DYS") and credited him with the 99 days he had been "confined" at the Hamilton County Youth Center towards his DYS commitment.  He argues that he was also "confined" at the Hillcrest School, and that the juvenile court erred by failing to credit him with the days he had spent there prior to his commitment to DYS.

{¶2}   After reviewing the applicable statute, R.C. 2152.18(B), the case law, and the record, we cannot determine whether D.P. was "confined" for purposes of R.C. 2152.18(B), because it requires our consideration of facts relating to nature of the Hillcrest School and the staff's control regarding D.P.'s personal liberties during his time there, which are not a part of the record on appeal.  We, therefore, reverse the judgment of the juvenile court and remand the matter for the development of the record with respect to those issues.

### *Factual and Procedural Posture*

{¶3}   D.P. was charged by complaint with committing acts which, had they been committed by an adult, would have constituted the offense of aggravated robbery with two firearm specifications, one for possession and one for facilitation. A magistrate adjudicated D.P. delinquent of aggravated robbery with both firearm specifications.  The matter of disposition was heard by the juvenile court judge.  Prior to the dispositional hearing, D.P. moved to dismiss the firearm specifications.  The juvenile court judge denied D.P.'s motion as it related to the firearm-possession specification, but held in abeyance the portion of D.P.'s motion seeking to dismiss the facilitation specification. The juvenile court judge then placed D.P. on probation and ordered that he attend the Hillcrest School.

{¶4} The state appealed the disposition. *See In re D.P.*, 1st Dist. Hamilton Nos. C-130293 and C-130298, 2014-Ohio-467. It argued that the juvenile court had erred in failing to commit D.P. to DYS. *Id.* at ¶ 6. It further asserted that the juvenile court's disposition was tantamount to a dismissal of the firearm-facilitation specification and that such a dismissal was not within the court's discretion. *Id.* This court agreed with the state. *Id.* at ¶ 7.

{¶5} This court held that D.P.'s commitment to DYS was mandatory under the plain language of R.C. 2152.17(A)(2), which provides that

> If a juvenile, were he an adult, * * * would be guilty of a specification of
>
> the type set forth in R.C. 2941.145 of the Revised Code [a firearm
>
> facilitation specification], the court shall commit the child to the
>
> department of youth services for the specification for a definite period
>
> of not less than one and not more than three years, and the court also
>
> shall commit the child to the department for the underlying delinquent
>
> act under sections 2152.11 to 2152.16 of the Revised Code.

{¶6} Thus, we held that the juvenile court did not have the discretion to dismiss the firearm-facilitation specification, and that D.P.'s motion to dismiss the facilitation specification was a nullity. *Id.* at ¶ 10. We further held that the juvenile court "did not have the discretion, under R.C. 2152.17(A)(2) to place D.P. on probation and order him to attend Hillcrest." *Id.* at ¶ 9. As a result, we reversed the judgment of the juvenile court and remanded the matter for disposition pursuant to R.C. 2152.17(A)(2). *Id.* at ¶ 10.

{¶7} On February 20, 2014, the juvenile court held a dispositional hearing. It committed D.P. to DYS for a minimum of one year on the firearm-facilitation

specification, and to an indefinite term of one year to age 21 on the underlying aggravated robbery, and ordered that the commitments be served consecutively. During the hearing, D.P.'s counsel orally moved the court to credit D.P. with the time he had spent at the Hamilton County Youth Center and the Hillcrest School against his DYS commitment. The state agreed that D.P. should be credited with the time he had spent at the Hamilton County Youth Center, but it opposed D.P.'s motion to the extent he sought to be credited for the time at the Hillcrest School.

{¶8} The trial court stated that it would take the matter under advisement, and asked counsel for D.P. and the state to brief the matter. On February 21, 2014, and February 24, 2014, the state and D.P. filed opposing briefs. On February 27, 2014, the juvenile court journalized an entry, which committed D.P. to DYS and credited him with the 99 days he had spent at the Youth Center towards the balance of his DYS commitment.

### Analysis

{¶9} In a single assignment of error, D.P. argues that the juvenile court erred by failing to credit the 310 days he had spent at the Hillcrest School towards the balance of his commitment to DYS, in violation of R.C. 2152.18.

{¶10} In 2012 the General Assembly amended R.C. 2152.18, the statute relating to credit that juveniles are entitled to receive towards their DYS commitment. Under the former version of the statute, a youth committed to a DYS facility could only receive credit for days the youth was held in "detention." *See* former R.C. 2152.18(B). The statute defined detention as "the temporary care of children pending court adjudication or disposition, or execution of a court order, in a

public or private facility designed to physically restrict the movement and activities of children." *See* R.C. 2151.011(B)(14).

{¶11} The General Assembly amended R.C. 2152.18(B), effective September 28, 2012, deleting the word "detention" and replacing it with "confined." As a result, the statute now provides:

> When a juvenile court commits a delinquent child to the custody of the department of youth services pursuant to this chapter, the court shall state in the order of commitment the total number of days that the child has been confined in connection with the delinquent child complaint upon which the order of commitment is based. The court shall not include days that the child has been under electronic monitoring or house arrest or days that the child has been confined in a halfway house. The department shall reduce the minimum period of institutionalization that was ordered by both the total number of days that the child has been so confined as stated by the court in the order of commitment and the total number of any additional days that the child has been confined subsequent to the order of commitment but prior to the transfer of physical custody of the child to the department.

{¶12} Under the plain language of the statute, the juvenile court, upon D.P.'s commitment to DYS, was required to calculate the total number of days D.P. had been "confined" in connection with the delinquent-child complaint upon which his order of commitment was based. The court could not include any days that D.P. had been on electronic monitoring, house arrest, or "confined in a halfway house." *See* R.C. 2152.18(B).

{¶13} The term "confined" is not defined in R.C. Chapter 2152. D.P. and the state dispute the meaning of the term. The state argues that the term "confine" is synonymous with imprison, incarcerate, and jail. It contends that because Hillcrest School is not a lockdown facility, D.P. was not "confined," and therefore, he is not entitled to credit for any days he spent there. D.P. argues that this court should apply the definition of "confinement" in R.C. 2967.191, the adult-jail-time credit statute, as articulated by the Ohio Supreme Court in *State v. Napier*, 93 Ohio St.3d 646, 648, 758 N.E.2d 1127 (2001).

{¶14} In *Napier*, the Ohio Supreme Court addressed whether time in a community-based corrections facility ("CBCF") should be credited against prison time under R.C. 2967.191 since inmates have much greater opportunities to leave the facilities than those confined in prison or jail. In that case, the defendant had pleaded guilty to felony drug possession and had been sentenced to three years of community-control sanctions, including evaluation and treatment at a residential CBCF. *Id.* at 649. After the defendant had violated his community-control sanctions, the trial court imposed an eight-month prison sentence, and the defendant claimed he was entitled to credit for 110 days spent at the CBCF. The trial court granted the defendant credit for only 30 days at the facility when he had been in a "lockdown" status, and not permitted to leave the facility. *Id.* at 647.

{¶15} The Supreme Court reversed the trial court's decision, holding that the defendant was entitled to credit for all the time he had spent at the facility. *Id.* at 648. In reaching this conclusion, the Supreme Court focused on its prior opinion in *State v. Snowde*r, 87 Ohio St.3d 335, 720 N.E.2d 909 (1999), where, in considering whether a CBCF was "confinement," it had looked to the definition of a CBCF, which

"must be a secure facility that contains lockups and other measures sufficient to ensure the safety of the surrounding community." *Napier* at 648. The Supreme Court looked at the exact qualities of the facility, as well as the specific nature of the defendant's experience at the facility as compared to the experience of the defendant in *Snowder,* to determine whether he had been sufficiently restricted so as to constitute "confinement." *Id.*

{¶16} The Supreme Court ruled that because a CBCF exercises effective control over the ability of the offender to leave the facility and the facility is secured in such a way to prevent offenders from entering the community without approval of the facility's managers, "all time served in a CBCF constitutes confinement for the purposes of R.C. 2967.191" even though the offender may be permitted to leave to participate in employment and other activities outside the CBCF. *Id.* at syllabus and 648.

{¶17} In *In re K.A.*, 6th Dist. Lucas No. L-12-1334, 2013-Ohio-3847, the only case interpreting the amended version of R.C. 2152.18(B), the Sixth Appellate District, in determining whether a juvenile was entitled to credit for time spent at the Youth Treatment Center, a community corrections facility, followed the Supreme Court's definition of "confinement" in *Napier*. *Id.* at ¶ 5.

{¶18} We, too, adhere to that interpretation of "confinement." In light of the Supreme Court's interpretation of "confinement" in *Napier*, we cannot agree with the state that juveniles are never entitled to credit for "confinement" unless they are in a lockdown facility. Rather, juvenile courts must review the nature of the facility, to see if it is a secure facility with measures sufficient to ensure the safety of the surrounding community. *Napier* at 648. They must also review the nature of the

restrictions on the juvenile at the facility to determine if the juvenile was "free to come and go as he wished" or if he was "subject to the control of the staff regarding personal liberties" as contemplated by *Napier*. *Id.*

{¶19} After an exhaustive review of the record, we are unable to determine whether D.P.'s time at Hillcrest School constitutes "confinement" for purposes of R.C. 2152.18(B). At the dispositional hearing, D.P.'s counsel and the state did not point to any evidence in the record related to the nature of the Hillcrest facility or the conditions affecting D.P.'s personal liberties during his time at Hillcrest. While the parties were given the opportunity to brief the matter, their briefs consist largely of argument without any evidentiary support. The trial court, likewise, did not make any findings relative to the nature of either Hillcrest School or D.P.'s time there. On appeal, D.P. and the state present contradictory arguments as to the nature of Hillcrest School and D.P.'s time there without supporting evidence in the record.

{¶20} Without further evidence as to the nature of Hillcrest and the nature of the staff's control regarding D.P.'s personal liberties, we are unable to determine the severity of the restrictions placed upon D.P.'s freedom and, thus, we cannot conduct a meaningful review of whether D.P. was "confined" as that term has been defined by the Supreme Court in *Napier* so as to be entitled to credit for time spent at Hillcrest School. *See State v. Ventra*, 11th Dist. Geauga No. 2010-G-2968, 2011-Ohio-156, ¶ 19-20. We, therefore, sustain D.P.'s assignment of error to the extent that the record does not contain enough evidence to support the trial court's judgment, and the cause must be remanded so that the record can be developed as to the nature of the Hillcrest School and the staff's control regarding D.P.'s personal liberties, and a determination can be made as to whether he was "confined" within the meaning of

8

R.C. 2152.18(B). We reverse the judgment of the trial court, and remand this matter for further proceedings consistent with this opinion and the law.

Judgment reversed and cause remanded.

**CUNNINGHAM, P.J.,** concurs.
**HENDON, J.,** concurs separately.

**HENDON, J.,** concurring separately.

{¶21} While my experience on the juvenile court bench leads me to perhaps a general conclusion as to the nature of Hillcrest School and its similarities and differences from the language used in the adult statute defining "confinement," R.C. 2967 et seq., I concur with the majority in believing that this matter should be remanded to give the trial court the opportunity to develop evidence <u>for</u> <u>the</u> <u>record</u> of the characteristics of that facility and to make its determination of the issue of credit for days served in the Hillcrest setting based on that evidence.

Please note:
The court has recorded its own entry on the date of the release of this opinion.