[Cite as *In re J.A.*, 2018-Ohio-1609.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| IN RE: J.A., A MINOR CHILD | : | JUDGES: |
|  | : | Hon. John W. Wise, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
|  | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
|  | : |  |
|  | : | Case No. 2017CA00187 |
|  | : |  |
|  | : |  |
|  | : | OPINION |

CHARACTER OF PROCEEDING:      Civil appeal from the Stark County Court of Common Pleas, Juvenile Division, Case No. 2013JCR02758

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT ENTRY:      April 24, 2018

APPEARANCES:

For - Appellee            For - Appellant

JOHN D. FERRERO            VICTORIA BADER
Stark County Prosecutor            Office of Public Defender
BY: KATHLEEN TATARSKY            250 East Broad Street
110 Central Plaza South, Ste. 510            Suite 1400
Canton, OH 44702            Columbus, OH 43215

*Gwin, J.*

{¶1}    Appellant-minor J.A. appeals the September 6, 2017 Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division overruling his Motion to Vacate.

*Facts and Procedural History*

{¶2}    The instant appeal concerns the calculation and awarding of credit for time spent by J.A. in confinement during the entirety of his six delinquency dispositions in the juvenile justice system.

## Case Number 2013 JCR 02758

{¶3}    On December 4, 2013, a complaint was filed in Stark County Juvenile Court, case number 2013 JCR 02758, alleging that then 14-year-old J.A.  was a delinquent child for committing one count of rape, in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree if committed by an adult.  On February 11, 2014, J.A. entered a plea of True and was adjudicated a delinquent child.   J.A. was remanded to the Multi-County Juvenile Attention Center ["MJAC"] pending a Dispositional Hearing scheduled for March 2, 2014.

{¶4}    By Judgment Entry filed March 6, 2014, the juvenile court sentenced J. A. on the original Complaint to a minimum commitment to the Department of Youth Services ["DYS"] for a minimum period of one year.  That commitment was stayed and J.A. was given Community Control and released to the custody of The Village Network.  Temporary custody was granted to the Stark County Department of Jobs and Family Services. ["SCDJFS"][1].

---

[1] The dependency action was subsequently assigned Case Number 2014JCV00224.  *See, Notice of Dependency Initiated from a Delinquency Action*, filed Mar. 12, 2014.

### Case Number 2013 JCR 00289

{¶5}   On February 17, 2016, a second complaint alleging a  Violation of  a Prior Court Order was filed in case number 2016 JCR 00289, alleging that J.A. was a delinquent child for violating the terms of his court-ordered probation for case number 2013 JCR 02758.   By Judgment Entry filed March 22, 2016, J.A. was adjudicated delinquent of the probation violation; however, no disposition was ordered[2].   J.A. was released back to the custody of The Village Network.

### Case Number 2016 JCR 1231

{¶6}   On June 3, 2016, a third complaint was filed in case number 2016 JCR 01231, alleging that on May 24, 2016,  J.A. was a delinquent child for Violation of a Prior Court Order in violation of R.C. 2152.02.  J. A. entered a plea of Not True.  By Judgment Entry filed July 8, 2016, the juvenile court granted the state's motion and dismissed the complaint.

### Case Number 2016 JCR 01450

{¶7}   On July 7, 2016, a fourth complaint was filed in case number 2016 JCR 01450, alleging that on May 18, 2016, J.A. was a delinquent child for Violation of a Prior Court Order in violation of R.C. 2152.02.   On August 5, 2016, J.A. was adjudicated delinquent and remanded to the MJAC pending a Dispositional Hearing scheduled for August 29, 2016[3].

---

[2] No transcript of the hearing that took place on March 22, 2016 was included in the record before this Court.

[3] No transcript of the hearing that took place on August 5, 2016 was included in the record before this Court.

{¶8}    By Judgment Entry filed August 30, 2016, the Juvenile Court sentenced J.A. to 90-days in the MJAC, with credit for 87 days served.  J.A. was ordered to serve the remaining 3 days beginning August 29, 2016 and ending August 31, 2016.  The Juvenile Court further ordered that J.A. successfully complete the program at Mohican Youth Academy[4].

### Case Number 2016 JCR 02383

{¶9}    On November 18, 2016, a fifth complaint was filed in case number 2016 JCR 02383, alleging that on or about November 8, 2016 J.A. was a delinquent child for Violation of a Prior Court Order in violation of R.C. 2152.02.  J. A. entered a plea of Not True.  By Judgment Entry filed January 4, 2016, the juvenile court granted the state's motion and dismissed the complaint. No disposition was entered[5].

### Case Number 2017 JCR 00845

{¶10}    On May 2, 2017, a sixth complaint was filed in Case Number 2017 JCR 00845, alleging that on or about April 9, 2017 and on or about May 1, 2017 J.A. was a delinquent child for two Violations of a Prior Court Order in violation of R.C. 2152.02.  J.A. entered pleas of True on May 12, 2017.  The juvenile Court remanded J.A. to the MJAC pending a Dispositional Hearing scheduled for June 12, 2017.

{¶11}    By Judgment Entry filed June 20, 2017, the Juvenile Court rescinded the stay on the prior commitment to DYS and ordered that the prior orders in case number 2013 JCR 02758 and case number 2017 JCR 00845 be imposed.  J.A. was committed

---

[4] No transcript of the hearing that took place on August 29, 2016 was included in the record before this Court.
[5] No transcript of the hearing that took place on January 4, 2017 was included in the record before this Court.

to DYS for a minimum of one year and no more than his attainment of the age of 21-years.  *See*, *Judgment Entry*, filed June 20, 2017; T. June 12, 2017 at 21.  The Juvenile Court credited J.A. with 41-days confinement towards his minimum DYS sentence.

**{¶12}**  On August 21, 2017, J.A. filed a Motion to Vacate.  J.A. argued that the Court failed to award him all the confinement time credit to which he was entitled.

**{¶13}**  By Judgment Entry filed September 6, 2017, the Juvenile Court overruled J.A.'s motion to vacate; however, the Court awarded J.A. an additional 89 days credit for confinement between December 4, 2013 and March 3, 2014.

*Assignment of Error*

**{¶14}**  J.A. raises one assignment of error,

**{¶15}**  "I. THE STARK COUNTY JUVENILE COURT ERRED WHEN IT DENIED J.A.'S MOTION TO VACATE HIS VOID COMMITMENT TO THE DEPARTMENT OF YOUTH SERVICES, BECAUSE THE COURT FAILED TO CREDIT HIM FOR TIME CONFINED IN CONNECTION TO HIS OFFENSE.  *IN RE D.S.*, 148 OHIO ST.3D 390, 2016-OHIO-7369, 71 N.E.3D 223; FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION; OHIO CONSTITUTION, ARTICLE I, SECTION 16."

*Law and Analysis*

**{¶16}**  J.A. contends he is entitled to the total number of days that he has been confined in connection with the delinquent child complaint upon which the order of commitment is based, including time served pending adjudication and disposition for the original complaint as well as any time served pending adjudication for the subsequent violation of a prior court order cases.  J.A. argues he is entitled to credit for 473 days of confinement.

**STANDARD OF APPELLATE REVIEW**

{¶17} "'When a court's judgment is based on an erroneous interpretation of the law, an abuse-of-discretion standard is not appropriate. *See Swartzentruber v. Orrville Grace Brethren Church,* 163 Ohio App.3d 96, 2005-Ohio-4264, 836 N.E.2d 619, ¶ 6; *Huntsman v. Aultman Hosp.*, 5th Dist. No. 2006 CA 00331, 2008-Ohio-2554, 2008 WL 2572598, ¶ 50.' *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13." *State v. Fugate,* 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶6. Because the assignment of error involves the interpretation of a statute, which is a question of law, we review the trial court's decision de novo. *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13; *Accord, State v. Pariag,* 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 9; *Hurt v. Liberty Township, Delaware County, OH,* 5th Dist. Delaware No. 17 CAI 05 0031, 2017-Ohio-7820, ¶ 31.

**A. Jail-time Credit.**

{¶18} With respect to jail-time credit, the Ohio Supreme Court has instructed the courts that,

> The practice of awarding jail-time credit, although now covered by state statute, has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions. Recognizing that the Equal Protection Clause does not tolerate disparate treatment of defendants based solely on their economic status, the United States Supreme Court has repeatedly struck down rules and practices that discriminate against defendants based solely on their inability to pay fines and fees. *See Griffin v. Illinois* (1956), 351 U.S.

12, 76 S.Ct. 585, 100 L.Ed. 891 (a state cannot deny appellate review to defendants unable to afford a transcript); *Williams v. Illinois* (1970), 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (a state may not imprison a defendant beyond the statutory maximum based solely on his inability to pay a fine); *Tate v. Short* (1971), 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (a state may not impose a fine as a sentence and then automatically convert it to jail time based upon the defendant's inability to immediately pay the fine). Relying on the principle set forth in such cases, courts *have held that defendants who are unable to afford bail* must be credited for the time they are confined while awaiting trial. "The Equal Protection Clause requires that *all* time spent in any jail prior to trial and commitment by [a prisoner who is] unable to make bail because of indigency *must* be credited to his sentence." (Emphasis sic.) *Workman v. Cardwell* (N.D. Ohio 1972), 338 F.Supp. 893, 901, *vacated in part on other grounds* (C.A.6, 1972), 471 F.2d 909. *See also White v. Gilligan* (S.D. Ohio 1972), 351 F.Supp. 1012.

This principle is codified in Ohio at R.C. 2967.191, which states that "[t]he department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *."

*State v. Fugate,* 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 7-9.

**{¶19}** With respect to juveniles, R.C. 2952.18 states,

(B) When a juvenile court commits a delinquent child to the custody of the department of youth services pursuant to this chapter, the court shall state in the order of commitment *the total number of days that the child has been confined in connection with the delinquent child complaint upon which the order of commitment is based.* The court shall not include days that the child has been under electronic monitoring or house arrest or days that the child has been confined in a halfway house. The department shall reduce the minimum period of institutionalization that was ordered by both the total number of days that the child has been so confined as stated by the court in the order of commitment and the total number of any additional days that the child has been confined subsequent to the order of commitment but prior to the transfer of physical custody of the child to the department. (Emphasis added).

### B. *Jurisdiction.*

A defendant is no longer required to contest a trial court's calculation of his jail-time credit in a direct appeal of his conviction; even if no appeal is pursued, the issue can still be asserted in a post-judgment motion. *State v. Smith*, 11th Dist. Lake No. 2016–L–107, 2017–Ohio–4124, ¶ 11. "R.C. 2929.19(B)(2)(g)(iii) allows an offender 'at any time after sentencing, [to] file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section.'" *Id. See, also, State v. Thompson,* 147 Ohio St.3d 29, 2016-Ohio-2769, 59 N.E.3d 1264, ¶12; *State v. Thompson,* 8th Dist. Cuyahoga No. 102326, 2015-Ohio-3882, ¶23; *State v. Inboden,* 10th Dist. Franklin Nos. 14AP-312; 14AP-317, 2014-Ohio-5762, ¶8.

Noting that the practice of awarding jail-time credit, although now covered by state statute, has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions, we will apply the same holding to a juvenile who contests a trial court's confinement-time credit calculation.

## ISSUE FOR APPEAL.

**{¶20}** The crux of J.A.'s argument is two-fold: 1). Is confinement credit for a violation of a prior court order pursuant to R.C. 2152.02 applied to the original complaint or the new complaint for violation of a prior court order?  2). Is time spent at the Mohican Youth Academy "confinement" and if so, must that time must be credited toward the original complaint?

1. Whether confinement credit for a violation of a prior court order pursuant to R.C. 2152.02 is to be applied to the original complaint or the new complaint alleging a violation of a prior court order.

**{¶21}**  R.C. 2152.02 provides in relevant part,

(E) "Delinquent child" includes any of the following:

(1) Any child, except a juvenile traffic offender, who violates any law of this state or the United States, or any ordinance of a political subdivision of the state, that would be an offense if committed by an adult;

*(2) Any child who violates any lawful order of the court made under this chapter, including a child who violates a court order regarding the child's prior adjudication as an unruly child for being an habitual truant;*

*(3) Any child who violates any lawful order of the court made under Chapter 2151. of the Revised Code other than an order issued under section 2151.87 of the Revised Code;*

(4) Any child who violates division (C) of section 2907.39, division (A) of section 2923.211, or division (C)(1) or (D) of section 2925.55 of the Revised Code.

Emphasis added.  Juv. R. 35 provides,

(B) Revocation of Probation.  The court shall not revoke probation except after a hearing at which the child shall be present and apprised of the grounds on which revocation is proposed.  The parties shall have the right to counsel and the right to appointed counsel where entitled pursuant to Juv. R. 4(A).  Probation shall not be revoked except upon a finding that the child has violated a condition of probation of which the child had, pursuant to Juv. R. 34(C), been notified.

(C) Detention.  During the pendency of proceedings under this rule, a child may be placed in detention in accordance with the provisions of Rule 7.

**{¶22}** The Ohio Supreme Court has explained,

Probation may not be revoked unless the juvenile has violated a court order.  The juvenile again becomes a delinquent juvenile under R.C. 2152.02(F)(2) (being "[a]ny child who violates any lawful order of the court made under this chapter or under Chapter 2151 of the Revised Code").  During a probation revocation hearing, the court determines whether a

juvenile has violated a condition of probation. Because the conditions of probation are established through a court order, a violation of probation also constitutes a violation of a court order. Since a probation revocation hearing may result in a finding that the juvenile has violated a court order and is delinquent, a probation hearing qualifies as an adjudicatory hearing under the Ohio Rules of Juvenile Procedure.

*In re: L.A.B.,* 121 Ohio St.3d 112, 2009-Ohio-354, 902 N.E.2d 471, ¶49.

**{¶23}** The Ohio Supreme Court has noted the change in the law concerning juvenile probation,

In January 2002, the General Assembly replaced the rubric "probation" in juvenile dispositions and adopted new dispositional options under the heading "community control."

"Community control," as described in R.C. 2152.19, replaced "probation," as described in former R.C. 2151.355, Am.Sub.H.B. No. 215, 147 Ohio Laws, Part I, 1125, and 148 Ohio Laws, Part IV, 9447, which was the subject of our decision in *In re Cross.  In re Cross*, 96 Ohio St.3d 328, 2002-Ohio-4183, 774 N.E.2d 258, at ¶ 11.  An order of "probation" under former R.C. 2151.355, encompassed the court's broad, discretionary power to craft appropriate controls for delinquent juveniles, enforced through ongoing judicial oversight.  Under former R.C. 2151.355, it was the dispositional order of probation itself that enabled a court to impose and monitor the juvenile's compliance with the conditions of probation.

In contrast, R.C. 2152.19 uses the term "community control" to describe discretionary court-ordered and court-supervised requirements on the behavior of delinquent children. R.C. 2152.19. Under R.C. 2152.19, a dispositional order of community control may include one or several conditions—such as "intensive probation supervision," "basic probation supervision," and "community service"—all of which are subject to ongoing supervision by the court. *Probation, no longer a stand-alone disposition, has become a subcategory or optional element of community control.*

*In re: J.F.*, 121 Ohio St.3d 76, 2009-Ohio-318, 902 N.E.2d 19, ¶14 (emphasis added). Thus, "probation" may be separately imposed as a community control sanction. R.C. 2152.19(A)(4)(a) and (b).

{¶24} Under adult criminal law statutes, R.C. 2929.15(B), a trial court has three options if an offender violates a condition or conditions of community control. *State v. Belcher*, 4th Dist. Lawrence No. 06CA32, 2007–Ohio–4256, ¶ 20, and *State v. Palacio*, 6th Dist. Ottawa No. OT–07–015, 2008–Ohio–2374, ¶ 8. These options are to: (1) extend the terms of the community control sanction, (2) impose a prison term that does not exceed that prison term specified by the court at the offender's sentencing hearing; or (3) impose a stricter community control sanction. R.C. 2929.15(B). However, the Legislature has chosen not to include the same R.C. 2929.15(B) options in the juvenile justice system. Chapter 2952. pertaining to juveniles does not contain options for juvenile offenders similar to those provided for adult offenders under R.C. 2929.15(B) when a juvenile violates conditions of community control. Rather, the juvenile court treats the alleged violation as a probation revocation pursuant to Juv. R. 35. Because the conditions of

probation are established through a court order, a violation of probation also constitutes a violation of a court order pursuant to R.C. 2152.02(F)(2).

**{¶25}** In the case at bar, the trial court modified the conditions of community control in many of its dispositions in an attempt to rehabilitate J.A. Because the commitment to the DYS was held in abeyance or suspended pending successful completion of the terms of community control, including the terms and conditions of probation, J.A. may be entitled to time spent in confinement pending disposition of the prior court order cases. *In re J.F.,* 121 Ohio St.3d 76, 2009–Ohio–318, 902 N.E.2d 19, at ¶ 13–14; *In re B.H.*, 6th Dist. Erie No. E-14-096, 2015-Ohio-2296, ¶27.

### a). Case Number 2013 JCR 02758

**{¶26}** In the case at bar, J.A. was admitted to the MJAC on case number 2013 JCR 02758 on December 4, 2013. *See, Exhibit Q, attached to Appellant's Motion to Vacated,* filed Aug 21, 2017. On March 3, 2014, J.A. was released to The Village Network.

**{¶27}** Therefore, the juvenile court correctly credited J.A. with 89-days of confinement credit in the September 6, 2017 Judgement Entry.

### b). The Village Network.

**{¶28}** J.A. does not argue that he is entitled to credit for time spent at The Village Network.

### c). Case Number 2016 JCR 1231 and Case Number 2016 JCR 01450.

**{¶29}** J.A. was admitted to the MJAC on June 3, 2016 in case number 2016 JCR 1231. That case was dismissed on June 8, 2018. However, J.A. remained at the MJAC in case number 2016 JCR 1450. J.A. was adjudicated delinquent in that case on August

5, 2016 and remanded to MJAC pending disposition. By Judgment Entry filed August 30, 2016, the Juvenile Court sentenced J.A. to 90-days in the MJAC, with credit for 87 days served. J.A. was ordered to serve the remaining 3 days beginning August 29, 2016 and ending August 31, 2016.

{¶30} A juvenile court can adjudicate a juvenile a "delinquent" for violating a prior order of the court. R.C. 2152.02(E) (3). The juvenile court can commit the juvenile to the MJAC for the violation. R.C. 2152.19(A) (3). However, the question in the case at bar is, whether time spent in confinement at MJAC that was ordered in the disposition for the violation of the prior court order in case number 2016 JCR 01450 is to be credited toward the minimum DYS commitment in the case upon which the court order that has been violated was issued, case number 2013 JCR 02758.

{¶31} In *In re: [S.D.]* this Court observed,

In her fourth assignment of error, appellant urges the court should have credited her with time served at the Attention Center and Multi County Residential Treatment Center towards the balance of her commitment. R.C. 2151.355 requires the court to state in its order of commitment the total number of days that the child has been held in detention in connection with the complaint upon which the order of commitment is based. The State argues appellant did receive 51 days credit for the time she spent in detention between October 5, when she entered a plea of true to the arson charge, until November 19, 1999, when she was released. Appellant, however, asked for time served between May 13, 2000 and February 15, 2001. *The State's response is that appellant had pled true to a charge of*

*violation of a prior court order in April of 2000, and it was a result of this charge that she received the disposition placing her back into detention. We find the State's argument is flawed. Appellant's plea of true to the charge of violation of a prior court order stemmed from the conditions of probation placed upon her for the original arson charge. The new charge of violation of a prior court order is a condition of probation, not a separate criminal offense bringing with it a separate sentence.* Had the State brought a complaint for contempt of court for violation of the prior court order, that may be considered a new charge, but upon this record, it appears the only criminal charge against appellant was the original charge of arson. We find the trial court erred in not giving appellant credit for time served after she pled true to the charge of violating a prior order. Accordingly, the fourth assignment of error is sustained.

5th Dist. Stark Nos. 2001CA00093, 2001CA00121, 2001-Ohio-1897 (emphasis added). *Accord, In re:[R.M.].* 5th Dist. Richland No. 01 CA 96, 2002-Ohio-2503; *In re: [J.L.C.],* 5th Dist. Muskingum No. CT2001-0063, 2002-Ohio-3087; *In the Matter of O.H.,* 10th Dist. Franklin No. 09CA38, 2010-Ohio-1244, ¶11; *In re:[T.R.],* 3rd Dist. Crawford No. 3-01-25, 2002-Ohio-1218; *In the Matter of [A.B.]*, 6th Dist. Nos. L-01-1334, L-01-1348, 2002-Ohio-2299. The Ohio Supreme Court has cited our holding in *In re: S.D.,*

R.C. 2151.355(F)(6) requires credit in the following situations: when the child is held at a rehabilitation or treatment facility while awaiting the final adjudication or disposition of the original delinquency complaint, when the child is held in one of those facilities after an order of commitment to

DYS has been made but before the order has been executed by his or her

transfer to the custody of DYS, and when the child is held in one of these

facilities while awaiting the final disposition of an alleged probation violation.

The first two situations are based on a plain reading of R.C. 2151.355(F)(6)

and 2151.011(B)(13).  *The third situation requires credit because detention*

*on an alleged probation violation relates back to the complaint of*

*delinquency and is in "connection with" that complaint, as mandated by R.C.*

*2151.355(F)(6).  Such detention goes to the original disposition in the case*

*and is sufficiently linked to the adjudication of the original charges that credit*

*is required by the statutory language.  This view has been adopted in a*

*number of appellate courts in this state.  See In re Ringo (Mar. 19, 2002),*

*Crawford App. No. 3–01–25, 2002 WL 418968; In re [S.D.], supra.*

*In re: Thomas,* 100 Ohio St.3d 89, 2003-Ohio-5162, 796 N.E.2d 908, ¶13

(emphasis added).  Our decision in *In re: S.D.* was again cited by the Ohio

Supreme Court in *In re: D.S.*:

> In *In re Thomas,* we construed R.C. 2152.18(B)'s predecessor
>
> statute, R.C. 2151.355(F)(6), Am.Sub.S.B. No. 181, 148 Ohio Laws, Part V,
>
> 10488, 10529, which contained the same "in connection with" phrase.  See
>
> 100 Ohio St.3d 89, 2003-Ohio-5162, 796 N.E.2d 908, ¶ 11.  We held that a
>
> juvenile is entitled to credit for the time served in a rehabilitation or treatment
>
> facility while awaiting the adjudication or disposition of the original
>
> delinquency complaint as well as the time the juvenile is held in one of those
>
> facilities on a complaint for a probation violation related to the original

delinquency complaint. Id. at ¶ 10, 13. *We explained, "Such detention goes to the original disposition in the case and is sufficiently linked to the adjudication of the original charges that credit is required by the statutory language." Id. at ¶13. See also In [S.D.], 5th Dist. Stark Nos. 2001CA00093 and 2001CA00121, 2001 WL 1548758, \*3 (Dec. 3, 2001).*

148 Ohio St.3d 390, 2016-Ohio-7369, 71 N.E.3d 223, ¶17 (emphasis added).

**{¶32}** During a probation revocation hearing, the court determines whether a juvenile has violated a condition of probation. *In re: L.A.B., 212 Ohio St.3d 112, 2009-Ohio-354, 902 N.E.2d 471, ¶49.* Because the conditions of probation are established through a court order, a violation of probation also constitutes a violation of a court order. *Id.* In the case at bar, the converse is likewise true. The violation of the prior court order alleged in case number 2016 JCR 01450 also constitutes a violation of the community control sanction of probation ordered in case number 2013 JCR 1231.

**{¶33}** Accordingly, in the case at bar, the probation violation alleged as a violation of a prior court order in case number 2016 JCR 01450 is sufficiently linked to the adjudication of the original charges that credit relates back to the complaint of delinquency in case number 2013 JCR 02758 so that credit is mandated by the statutory language of R.C.2152.18 (B). Therefore, the Juvenile Court erred in failing to award J.A. confinement credit from June 3, 2016 to August 31, 2016, a total of 90 days towards his minimum DYS commitment.

### d). Case Number 2017 JCR 00845.

**{¶34}** J.A. was held at the MJAC in case number 00845 from May 2, 2017 until his arrival at DYS June 22, 2017. *See, Exhibits P and Q,* attached to Appellant's Motion

to Vacated filed Aug 21, 2017. Therefore, J.A. is entitled to 50-days confinement credit in case number 2013 JCR 02758 towards his minimum DYS commitment.

**ISSUE FOR APPEAL.**

2. Whether time spent at the Mohican Youth Academy "confinement" and if so, must that time must be credited toward the original complaint?

{¶35} J.A. next argues that he is entitled to confinement credit in case number 2013 JCR 02758 for the time he spent at the Mohican Youth Academy.

**a). Case Number 2016 JCR 01450.**

{¶36} In the Judgment Entry filed August 30, 2016 in case number 2016 JCR 01450, the Juvenile Court ordered that,

> A previous Commitment to the Ohio Department of Youth Services was ordered stayed on case number 2013JCR02758, the previous stay shall be continued and remain in effect.
>
> * * *
>
> The DYS suspended commitment is suspended fully on condition of successful compliance and completion of the Mohican Youth Academy treatment.

Judgement Entry, Case No. 2016JCR01450, filed Aug. 30, 2016, at 1.

*1]. "Confinement"*

{¶37} R.C. 2152.18(B) requires the juvenile court, when committing a delinquent child to the custody of DYS, "to state in the order of commitment the total number of days that the child has been confined in connection with the delinquent child complaint

upon which the order of commitment is based." DYS must then "reduce the minimum period of institutionalization that was ordered * * * by the total number of days that the child has been so confined as stated by the court in the order of commitment." While the term "confined" is not defined in the statute, the statute expressly prohibits the juvenile court from including days that the child has been on electronic monitoring, on house arrest, or confined in a halfway house. R.C. 2152.18(B). *In re: A.M.,* 1st Dist. Hamilton No. C-160532, 2017-Ohio-7624, ¶8.

**{¶38}** In the adult criminal context, the Supreme Court of Ohio in *State v. Napier* held that entry into a community-based corrections facility ("CBCF") constitutes confinement. 93 Ohio St.3d 646, 647, 2001-Ohio-1890, 758 N.E.2d 1127.

**{¶39}** In *Napier*, the Ohio Supreme Court addressed whether time spent in a CBCF should be credited against prison time under R.C. 2967.191 since inmates have more opportunity to leave the facility than those confined in prison. In *Napier*, the defendant had pled guilty to felony drug possession and had been sentenced to three years of community-control sanctions, including treatment at a residential CBCF. After the defendant had violated his community-control sanctions, the trial court imposed an eight-month prison sentence, and the defendant claimed he was entitled to credit for 110 days spent at the CBCF. The trial court granted the defendant credit for only 30 days at the facility when he had been in "lockdown," and not permitted to leave the facility. *See, In the Matter of J.C.E.*, 11th Dist. No. 2016-G-0062, 2016-Ohio-7843, ¶21.

**{¶40}** The Supreme Court in *Napier* reversed the trial court's decision, holding that the defendant was entitled to credit for all the time he had spent at the facility. 93 Ohio St.3d at 648, 2001-Ohio-1890, 758 N.E.2d 1127. In reaching this conclusion, the

Supreme Court, in considering whether admission to a CBCF was "confinement," looked to the definition of a CBCF, which "must be a secure facility that contains lockups and other measures sufficient to ensure the safety of the surrounding community." *Napier* at 648. The Supreme Court looked at the qualities of the facility, as well as the specific nature of the defendant's experience at the facility to determine whether he had been sufficiently restricted so as to constitute "confinement." Id.

{¶41} Thus, in *Napier*, the Supreme Court held that because a CBCF (1) is secured in such a way to prevent offenders from entering the community without approval of the facility's managers, and (2) the facility exercises control over the ability of the offender to leave the facility, all time served in a CBCF constitutes confinement for purposes of credit for time served for adults, even though the offender may be permitted to leave to participate in employment and other activities outside the CBCF. 93 Ohio St.3d at 648, 2001-Ohio-1890, 758 N.E.2d 1127; *In the Matter of J.C.E.*, 2016-Ohio-7843, ¶23.

{¶42} The First, Third, Sixth, Eighth and Eleventh Appellate Districts have adopted the interpretation of "confinement" set forth in *Napier* and applied it in the juvenile context. *In re D.P.*, 1st Dist. Hamilton No. C140158, 2014–Ohio–5414, ¶ 18; *In re D.P.,* 3rd Dist. Auglaize Nos. 2–15–13 and 2–15–14, 2016–Ohio–747, ¶ 20; *In re K.A.,* 6th Dist. Lucas No. L–12–1334, 2013–Ohio–3847, ¶ 5; *In re J.K.S.*, 8th Dist. Cuyahoga Nos. 101967 and 101968, 2015–Ohio–1312, ¶ 12; *In the Matter of J.C.E.*, 11th Dist. No. 2016-G-0062, 2016-Ohio-7843, ¶31.

{¶43} We agree with the holdings of our fellow Districts and likewise adopt the interpretation of the term "confinement" as set forth in *Napier, supra.*

*2.] Credit for time served at Mohican Youth Academy.*

**{¶44}** After an extensive review of the record, we are unable to determine whether J.A.'s time at Mohican Youth Academy constitutes "confinement" for purposes of R.C. 2152.18(B). J.A. cites to no evidence in the record and the briefs submitted consist largely of argument without any evidentiary support. J.A. has not referenced any evidence in the record related to the nature of Mohican Youth Academy or the conditions affecting J.A.'s personal liberties during his time there. The trial court, likewise, did not make any findings relative to the nature of either Mohican Youth Academy or J.A.'s time there.

**{¶45}** The following remand instructions of the First District in *In re D.P.,* 1st Dist. Hamilton No. C-140158, 2014-Ohio-5414, are pertinent:

> Without further evidence as to the nature of Hillcrest and the nature of the staff's control regarding D.P.'s personal liberties, we are unable to determine the severity of the restrictions placed upon D.P.'s freedom and, thus, we cannot conduct a meaningful review of whether D.P. was "confined" as that term has been defined by the Supreme Court in *Napier* so as to be entitled to credit for time spent at Hillcrest School. *See State v. Ventra*, 11th Dist. Geauga No. 2010–G–2968, 2011–Ohio–156, ¶ 19–20. We, therefore, sustain D.P.'s assignment of error to the extent that the record does not contain enough evidence to support the trial court's judgment, and the cause must be remanded so that the record can be developed as to the nature of the Hillcrest School and the staff's control regarding D.P's personal liberties.

*In re D.P.*, 2014–Ohio–5414, ¶ 20; *Accord, In the Matter of J.C.E.,* 11th Dist. Geauga No. 2-016-G-0062, 2016-Ohio-7843, ¶43.

{**¶46**}  We, therefore, sustain J.A.'s assignment of error to the extent that the record does not contain enough evidence to support the trial court's judgment.

**CONCLUSION.**

{**¶47**}  J.A.'s sole assignment of error is sustained, the judgment of the Stark County Court of Common Pleas, Juvenile Division is reversed and this matter is remanded to the juvenile court with the following orders:

{**¶48**}   The juvenile court shall award J.A. confinement credit towards his DYS commitment for the time spent at the MJAC from June 3, 2016 to and including August 31, 2016; additionally, this matter is further remanded for the trial court to take evidence and make findings concerning the nature of Mohican Youth Academy's security procedures and the staff's control regarding J.A.'s personal liberties.  The trial court shall also determine whether J.A. was "confined" pursuant to R.C. 2152.18(B), as that term is interpreted by the Ohio Supreme Court in *State v. Napier,* 93 Ohio St.3d 646, 647, 2001-Ohio-1890, 758 N.E.2d 1127 and, if so, the number of days J.A. was confined.  *In re D.P.*, 2014–Ohio–5414, ¶20; *In the Matter of J.C.E.,* 2016-Ohio-7843, ¶46. The juvenile court shall credit all time spent at Mohican Youth Academy that it finds to constitute "confinement" pursuant to *Napier* toward J.A.'s DYS commitment.

{¶49} The judgment of the Stark County Court of Common Pleas, Juvenile Division is reversed and this case is remanded for proceedings in accordance with our opinion and the law.

By Gwin, J.,

Wise, P.J., and

Baldwin, J., concur