[Cite as *In re J.G.*, 2022-Ohio-1137.]

**IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
LOGAN COUNTY**

**IN RE:**

                                          **CASE NO. 8-21-45**

   **J.G.,**

**DELINQUENT CHILD AND**                         **O P I N I O N**
**SERIOUS YOUTHFUL OFFENDER.**

**Appeal from Logan County Common Pleas Court
Juvenile Division
Trial Court No. 18 JD 180**

**Judgment Affirmed**

**Date of Decision: April 4, 2022**

**APPEARANCES:**

    *Alison Boggs* **for Appellant**

    *Evan R. Downing* **for Appellee**

**SHAW, J.**

{¶1} Delinquent Child, J.G., brings this appeal from the October 14, 2021, judgment of the Logan County Common Pleas Court, Juvenile Division, finding that J.G. successfully completed his probation, but ordering that the case "remain open under intake" with other, non-modified orders still in effect. On appeal, J.G. argues that the trial court erred by attempting to retain jurisdiction over him despite finding that he had successfully completed probation.

*Background*

{¶2} On October 23, 2019, J.G. entered an admission to the allegation of Rape in violation of R.C. 2907.02(A)(2), a first degree felony if committed by an adult. On that same date he also entered pleas of no contest to three counts of Gross Sexual Imposition ("GSI") in violation of R.C. 2907.05(A)(4), all felonies of the third degree if committed by an adult.[1] All of the allegations carried "Serious Youthful Offender" ("SYO") specifications, subjecting J.G. to a discretionary SYO dispositional sentence. J.G. stipulated to the facts that satisfied the SYO specifications.

{¶3} On January 28, 2020, J.G. proceeded to a dispositional hearing wherein the juvenile court imposed a blended sentence. For his juvenile disposition, J.G.

---

[1] The charges arose from allegations that J.G. inserted his fingers into, and/or touched the vagina of, a young girl and inappropriately touched four other young girls while riding the school bus. *See In re J.G.*, 3d Dist. Logan No. 8-20-59, 2021-Ohio-1624, ¶ 2. All of the victims were under the age of thirteen, ranging in ages from five to eight-years-old at the time the offenses occurred. *Id*.

received a suspended commitment to the Department of Youth Services. In addition, J.G. was placed on probation. He was also ordered to have no contact with any of the victims in this case or their families, and he was ordered to have no unsupervised contact with minor children.[2]

{¶4} For the adult portion of J.G.'s blended sentence, the juvenile court imposed a seven-year prison term for the rape offense, and a one-year prison term on each of the three GSI offenses. The prison terms were ordered to run consecutively for a total of ten years. However, the juvenile court stayed the adult portion of J.G.'s sentence pending successful completion of J.G.'s juvenile dispositions.

{¶5} J.G. appealed his blended sentence to this Court and we overruled his assignments of error. *See In re J.G.*, 3d Dist. Logan No. 8-20-59, 2021-Ohio-1624.

{¶6} On October 14, 2021, the juvenile court filed an entry finding that J.G. "has complied with and satisfactorily completed the terms of probation and fulfilled all requirements of the Court." (Doc. No. 251). The entry further stated:

> **It is hereby ORDERED that juvenile is successfully released from probation. The above captioned case SHALL remain open under intake; juvenile remains under the Court's jurisdiction until juvenile's attainment of the age of twenty-one (21) years. All orders not altered herein remain in full force and effect to include, but not limited to, the following:**

---

[2] J.G. was remanded to JDC custody pending acceptance into a juvenile sex offender program.

> **Order issued per Judgment Entry filed on January 28, 2020, and February 5, 2020- No contact with victims, victims' families, or unsupervised minors.**

(*Id.*) The entry continued by stating, *inter alia*, that the SYO sentence was still stayed pending successful completion of the traditional juvenile disposition.

{¶7} J.G. brings the instant appeal from the trial court's judgment, asserting the following assignment of error for our review.

### Assignment of Error
**The trial court erred when it attempted to retain jurisdiction over appellant instead of terminating the juvenile and adult cases upon appellant's successful completion of probation.**

{¶8} In his assignment of error, J.G. argues that the trial court "lost jurisdiction" over him when it ordered his release from probation. (Appt.'s Br. at 4). He contends that with his probation terminated, the juvenile court lacked the authority to leave the case "open" with other orders pending.

{¶9} The Supreme Court of Ohio has already rejected J.G.'s jurisdictional theory. In *In re J.F.*, 121 Ohio St.3d 76, 2009-Ohio-318, ¶ 11, the Supreme Court of Ohio held:

> **Probation, no longer a stand-alone disposition, has become a subcategory or optional element of community control. It follows that the expiration of probation supervision—as one component of an order of community control—does not automatically trigger the loss of the juvenile court's jurisdiction; as long as other community-control sanctions remain in effect, the juvenile remains subject to the court's supervision.**

Stated differently, probation is only one portion of a possible juvenile disposition, and the completion of probation does not trigger the loss of a juvenile court's jurisdiction as long as other sanctions remain in effect.

{¶10} In this case, the trial court explicitly stated that J.G. had completed "probation" but also explicitly stated other orders "not altered herein remain in full force and effect." (Doc. No. 251). Since the juvenile court specifically left other orders in place, the termination of J.G.'s probation did not terminate the juvenile court's jurisdiction under *In re J.F.* Therefore, J.G.'s assignment of error is overruled.

*Conclusion*

{¶11} For the foregoing reasons, J.G.'s assignment of error is overruled and the judgment of the Logan County Common Pleas Court, Juvenile Division, is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**