**[Cite as *State v. Castleberry*, 2020-Ohio-4233.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28541 |
| | : | |
| v. | : | Trial Court Case No. 2019-CRB-3365 |
| | : | |
| JOSHUA L. CASTLEBERRY | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of August, 2020.

. . . . . . . . . . .

MATTHEW KORTJOHN, Atty. Reg. No. 0083743, Assistant Prosecuting Attorney, City of Dayton Prosecutor's Office, Appellate Division, 335 West Third Street, Room 372, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

MICHELLE M. MACIOROWSKI, Atty. Reg. No. 0067692, 7333 Paragon Road, Suite 170, Centerville, Ohio 45459
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** Joshua L. Castleberry appeals from conviction following a bench trial in Dayton Municipal Court on one count of falsification, in violation of R.C. 2921.13(A)(3), a misdemeanor of the first degree. Castleberry was sentenced to 180 days in jail; 177 days were suspended, and he was credited with three days served. The court also imposed non-reporting community control sanctions for a period of two years. We hereby affirm the judgment of the trial court.

**{¶ 2}** Castleberry was charged by way of complaint on July 10, 2019, and he was tried on September 9, 2019. At trial, Narcotics Detective Jason Barnes, who had been employed by the Dayton Police Department for 18 years, testified that on July 8, 2019, he came into contact with Castleberry at a Ferguson Avenue address where the Dayton S.W.A.T. team was executing a "high risk search warrant." Barnes stated that officers had conducted several "confidential informant drug buys" at the residence, and that "several handguns were seen on individuals and displayed inside the house."

**{¶ 3}** Barnes stated that on the day of the search warrant's execution, he and several other officers conducted surveillance on the residence prior to the S.W.A.T. team's arrival. He stated that he observed Castleberry exit a silver Honda and then carry a backpack inside the residence; another detective observed an unknown person sitting by a window on the second floor. Barnes advised the S.W.A.T. team about those individuals prior to the team's arrival. Barnes stated that the S.W.A.T. team subsequently removed Castleberry, a female occupant, and two other individuals from the home.

**{¶ 4}** Barnes stated that when he entered the home, he found crystal methamphetamine and "a realistic air soft pistol that was not a firearm." Castleberry was

in the back of a police cruiser when Barnes made contact with him. Barnes testified that he explained to Castleberry that the police and S.W.A.T. team were executing a search warrant at the address, and he read Castleberry his rights. Barnes stated that officers asked Castleberry for his name and date of birth; Barnes had prior knowledge of the name and date of birth that Castleberry had given other officers. Castleberry gave Barnes the name of "Joshua Schrader," with a date of birth of February 17, 1982; Castleberry indicated that he did not know his social security number. Barnes explained to Castleberry that he "had a hard time believing that someone of his age did not know his social security number." Barnes stated that Castleberry's actual date of birth was February 17, 1981. Barnes stated that he did not ask Castleberry why he had given false information, but Castleberry "made a statement that he was telling the truth and that Schrader was his maiden name," without further explaining what he meant by "maiden name." Barnes testified that there had been no outstanding warrants for Castleberry's arrest. Barnes testified that, at the request of another officer, a portable fingerprint identification machine was brought to the scene, and the machine provided Castleberry's last name from his fingerprint.

{¶ 5} Sergeant John Sullivan, the supervisor of the Drug Unit of the Dayton Police Department, testified that on July 8, 2019, he came into contact with Castleberry after Castleberry had been removed from the home. Sullivan testified that, after the occupants of the house had been removed, one of his duties was to get their identification information, which included filling out forms with their name, date of birth, and Social Security Number. Officer David Lane, who had custody of Castleberry in a cruiser, advised Sullivan that he did not believe that the information being provided by Castleberry

was correct, and that no information existed on the name Castleberry initially provided, "Joshua Schrader." Sullivan asked Castleberry his name, date of birth, and Social Security number, and Castleberry provided the name of Joshua Schrader, with a date of birth of February 17, 1982; Castleberry indicated he did not know his Social Security number, which was "highly unusual." Sullivan testified that, once the fingerprint reader identified Castleberry, an officer further confirmed Castleberry's identification from the cruiser's computer. He stated that it was common in his experience for people he encountered to mistakenly believe that they had an outstanding warrant for their arrest.

{¶ 6} At the conclusion of the State's evidence, Castleberry moved for a judgment of acquittal, and the court overruled the motion.

{¶ 7} Castleberry testified that his "born name" was Joshua Lee Schrader and his "adopted name" was Joshua Lee Castleberry. He testified that on July 8, 2019, he went to the Ferguson Avenue address in a silver car to help a friend move out of the home; he took his backpack inside the residence, and that after 15-20 minutes, the S.W.A.T. team arrived. He recounted "a guy pointing an A.R. Fifteen at [his] head." According to Castleberry, he "walked down the stairs and went out the front of the house and * * * was swarmed by three officers," who grabbed him and put him in handcuffs. Castleberry testified that the S.W.A.T. officers asked for his name, and he told them his "born name was Joshua Lee Schrader." The following exchange occurred on direct examination:

Q. So, you made attempts to let them know that you went by Joshua Schrader and Joshua Castleberry.

A. Yes, I made attempts to talk to them and they kept shutting me up.

* * *

Q. Do you go by Joshua Schrader?

A. Yes Sir.

* * *

A. I have a Facebook Joshua Schrader and a Facebook Joshua Castleberry. It's my legal name. It's my born name. * * *

{¶ 8} On cross-examination, the following exchange occurred:

Q. * * * After you were arraigned on the falsification charge in this case, you were not kept in jail on the falsification charge, is that correct?

A. Yeah, you all released me to Greene County because I had a warrant because you all wouldn't let me go to my probation officer.

Q. Okay and you were given a pre-trial services paper to sign, to sign your name, isn't that correct?

A. Yes Sir.

Q. And you signed the last name Castleberry, didn't you?

A. Yes, it is my adopted name –

* * *

A. It is my legal adopted name.

Q. That Castleberry is not the name that you gave these officers when they were asking you what your information was.

A. I gave the both names.

* * *

A. My adopted name is Joshua Lee Castleberry, which is my legal

name on my I.D.

{¶ 9} Castleberry testified that he knew he did not have an outstanding warrant on the day of his arrest. When asked by the court when Castleberry became his legal name, he responded, "Since I was three years old."

{¶ 10} After Castleberry's testimony, the State recalled Sergeant Sullivan in rebuttal. Sullivan testified that Castleberry did not provide the name Castleberry until after the use of the fingerprint reader, and that he "kept saying that Schrader was [his] name."

{¶ 11} The trial court found Castleberry guilty, stating:

* * * The essential elements that should be proven would be, knowingly made a false statement with the purpose to mislead a public official while performing public duties, official duties. It's clear that an official duty was going on. They were executing a search warrant. There is pre-surveillance by officers. There was a S.W.A.T. team and there was an execution of a search warrant. While executing the search warrant, a part of the process is to make safe the premises and a part of that is making sure that everyone is cleared out. They were still in that process. Nothing had stopped. * * * The statement that would be false that is more significant to me is the date of birth. I don't know how you get your date of birth wrong. I don't know how you get your name wrong. Mister Castleberry's testified that he's gone by Castleberry since he was a kid. So why that would not be the first name out of his mouth, the Court doesn't understand. The only purpose is to mislead. Why he would mislead I don't really know but it was

definitely done to mislead.   The Court will make a finding of guilty.

{¶ 12} On appeal, Castleberry asserts one assignment of error, as follows:

THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO PROVE THAT DEFENDANT MADE A FALSE STATEMENT TO A PUBLIC OFFICIAL WITH PURPOSE TO MISLEAD THAT OFFICIAL IN PERFORMING HIS DUTIES.

{¶ 13} Castleberry asserts that, "after having a gun pointed at him, being handcuffed and placed in the back of a police vehicle, in the chaos of a S.W.A.T. raid, [he] gave the police his legal name at the time of his birth, and in the confusion, misspoke the year of his birth."   He asserts that the trial court "only inferred" that his purpose was to mislead.   Castleberry argues that the "trial court's inability to understand that a person, in the middle of a drug raid, might experience fear and confusion, causing that person to provide [his] original birth name and misstating his birth year does not rise to the level of proof beyond a reasonable doubt."   He argues that none of the testimony proved that, in providing his original birth name and confusing the year of his own birth, Castleberry intended to mislead a public official.

{¶ 14} The State responds that Castleberry "all but concedes" he gave incorrect information to Dayton Police officers, stating in his brief that the name he gave was his legal name "at the time of his birth" and that he gave an incorrect birth date " "in the confusion' of the drug raid."   The State argues that "Castleberry's contention in his appellate brief that he was 'confused' due to the drug raid transpiring around him is not supported by the record."

{¶ 15}   The following is well-settled:

"A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law." *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 10, citing *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). "When reviewing a claim as to sufficiency of evidence, the relevant inquiry is whether any rational factfinder viewing the evidence in a light most favorable to the state could have found the essential elements of the crime proven beyond a reasonable doubt." (Citations omitted.) *State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997). "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier-of-fact." (Citations omitted.) *Id.*

*State v. Whitehead,* 2d Dist. Montgomery No. 28334, 2019-Ohio-5141, ¶ 20.

{¶ 16} R.C. 2921.13(A)(3) provides: "No person shall knowingly make a false statement, or knowingly swear or affirm the truth of a false statement previously made, when * * * [t]he statement is made with purpose to mislead a public official in performing the public official's official function."

{¶ 17} Castleberry repeatedly indicated to officers that his last name was Schrader and that he was born on February 17, 1982, when in fact he was born on February 17, 1981. He stated that he did not know his Social Security Number, which Detective Barnes found not credible, and Sergeant Sullivan described as "highly unusual." Sullivan further testified that there was no identifying information that matched the name of Joshua Schrader. Castleberry asserted that "Castleberry" was his "adopted name," but it

appeared on his identification, and he also signed his name as "Castleberry" at pretrial services. We conclude that a rational factfinder, viewing the evidence most strongly in favor of the State, could have reasonably found that Castleberry knowingly and falsely stated that his name was Joshua Schrader, that his date of birth was February 17, 1982, and that he did not know his Social Security number, with a purpose to mislead law enforcement officers while they were executing the search warrant and securing the residence. In other words, Castleberry's falsification conviction was supported by sufficient evidence.

{¶ 18} Castleberry's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Matthew Kortjohn
Stephanie Cook
Michelle M. Maciorowski
Hon. Deirdre E. Logan