[Cite as *State v. Coffman*, 2023-Ohio-2104.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | : | Hon. Andrew J. King, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 22-COA-036 |
| JENNIFER COFFMAN | : | |
| Defendant-Appellee | : | |
| | : | OPINION |

CHARACTER OF PROCEEDING:     Appeal from the Ashland County Court of
                             Common Pleas, Case No. 22-CRI-034

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      June 26, 2023

APPEARANCES:

For Plaintiff-Appellant                For Defendant-Appellee

CHRISTOPHER R. TUNNELL                  GREGORY TARKOWSKY
Ashland County Prosecutor               3 North Main Street
BY: NADINE HAUPTMAN                     Suite 500
Assistant Prosecutor                    Mansfield, OH 44902
110 Cottage Street. 3rd Floor
Ashland, OH 44805

*Gwin, P.J.*

{¶1} Plaintiff-appellant the State of Ohio appeals from the September 29, 2022 sentencing entry of the Ashland County Court of Common Pleas sentencing defendant-appellee Jennifer Coffman ["Coffman"] to one year non-reporting community control sanctions.

*Facts and Procedural History*

{¶2} On February 10, 2022, an Ashland County Grand Jury returned a two count indictment against Coffman, charging her in Count One with Aggravated Possession of Drugs, in violation of R.C. 2925.11(A) and 2925.11(C)(1)(a), a felony of the fifth degree; and in Count Two with Illegal Use or Possession of Drug Paraphernalia, a violation of R.C. 2925.14(C)(1) and 2925.14(F)(1), a misdemeanor of the fourth degree.

{¶3} On May 10, 2022, Coffman moved for Intervention in Lieu of Conviction pursuant to R.C. 2951.041. [Docket Entry No. 14].

{¶4} On May 17, 2022, the state moved to revoke Coffman's bond contending that she had failed to appear for required drug testing on April 16, 2022 and May 16, 2022. [Docket Entry No. 16]. By Judgment Entry filed May 24, 2022, the trial court revoked Coffman's bond. [Docket Entry No. 21].

{¶5} By Judgment Entry filed June 11, 2022, the trial court scheduled a hearing on Coffman's motion for Intervention in Lieu of Conviction. [Docket Entry No. 21].

{¶6} Due to unforeseen medical issues with the judge, a visiting judge was assigned and the hearing was continued to September 29, 2022. *Judgment Entry,* filed September 22, 2022. [Docket Entry No. 23].

{¶7} On September 29, 2022, the parties entered into a negotiated plea. *Waiver of*

*Constitutional Rights and Plea of Guilty,* filed September 29, 2022. [Docket Entry No. 25]. Coffman withdrew her motion for Intervention in Lieu of Conviction. Sent. T. at 9. The state agreed to dismiss Count Two of the Indictment in exchange for Coffman's guilty plea to Count One of the Indictment. Sent. T. at 5. As further consideration for Coffman's guilty plea the prosecutor informed the visiting judge, "Judge, as part of the Plea Agreement we have agreed to remain silent." Sent. T. at 6. After accepting Coffman's guilty plea, the prosecutor again informed the visiting judge, "Your Honor, pursuant to the plea agreement, we remain silent on sentencing…And defer to the discretion of the court." Sent. T. at 16.

{¶8} The visiting judge found Coffman amenable to community control and imposed nonresidential and nonreporting sanctions for a period of one-year and financial sanctions totaling approximately one hundred dollars; the visiting judge further advised that a violation of community control could result in an order to serve six-months in the Ashland County Jail, and also awarded her 70-days of jail time.

{¶9} Relevant to this appeal, the following exchange took place,

THE COURT: Okay. All right, good. I am going to pronounce a sentence in the case, and this may be a sentence that the lawyers are not used to hearing from a Judge, but it's going to be the one that I am imposing because it's the one that I feel is correct.

So, I am not going to select any time in prison on this case. I have a choice of picking anywhere from six months to 12 months, and I have steadfastly over my tenure which is now 41 years as a Judge, not sent people to prison for possessing drugs.

Now, that is something with which many people disagree, and I acknowledge that, but that is my conviction, if you will, in the case. This

type of crime needs to be handled otherwise, you have already served 70 days in jail, I am going to order a one-year period of Community Control Sanctions, but it's not going to be supervised. It's going to be as follows: The conditions are that you not ingest any illegal substance, drug of abuse, or consume any alcohol.

That you be law abiding, that you not be found guilty of nor sentenced for any serious misdemeanor crimes or felony crimes. A serious misdemeanor crime, is one that I define as one that you could be jailed, a minor misdemeanor traffic offense is not a serious misdemeanor crime.

Now, possessing marijuana in less than the bulk amount, or I am sorry, less than an amount which makes it a minor misdemeanor in Ohio, that would be a disqualifying offense for you because that is a drug, it's still illegal in Ohio there is medical marijuana but it's still illegal as far as personal use, so if you would be found guilty and sentenced for a possession of marijuana as a minor misdemeanor. That would be a disqualifying offense, that would be a violation of your unsupervised, non-reporting Community Control Sanctions.

Now, how do we know that you have been found guilty of a crime, we have the ability and authority under law to search the records of Court's throughout Ohio or beyond Ohio, where your name, your Social Security number, your date of birth can be inputted by the Court because we have the authority to do that, and can find out if you have been found guilty and sentenced for any crimes during that one year period which will

start today and end one year from today.

Again, it's a one-year period of non-reporting unsupervised Community Control Sanction. You are on your good behavior, but if you would violate it by committing a crime as I said, or by somehow the Court coming into the knowledge that you are using illegal drugs or consuming alcohol which probably becomes known to the Court by you being arrested or coming in the presence of law enforcement agencies that have a right to test you or to take you into custody for some reason. That is how it would ultimately get to the Court. And if you violated the one year of unsupervised non-reporting Community Control Sanction, and you could be punished by a maximum of six months in jail.

I am not selecting a prison term, so there never would be a prison term if you violated this one-year period of unsupervised non-reporting Community Control Sanction, but there could be up to six months in jail, the Ashland County Jail for a violation. Let me pause there and ask Ms. Coffman if you understand the Sentence that I am imposing?

MS. COFFMAN: Yes, Your Honor.

THE COURT: Okay. All right. Now, my sincere hope is that in this next year, there is nothing in this Court with Jennifer Coffman as a named Defendant or in the Municipal Court or in any other court in any counties in Ohio or beyond, but if there is an alleged violation you would have to come back to court and it could be resolved as I just said, understood?

MS. COFFMAN:  Yes, Your Honor.

THE COURT:    Doesn't mean that you would go to jail for six months for violating, but it could happen, and so there is enough time over your head in my opinion locally to motivate you to just leave this behind, I hope that you can, okay?

MS. COFFMAN:  Yes, your Honor.  Thank you so much.

THE COURT     Mike, anything else?

MR. CALLOW:  Judge, just for the record, we object to the imposition of the sentence.

THE COURT: Yes, and the record notes that the Prosecutor objects to the sentence that is being imposed or may be more appropriately disagrees with it.

MR. CALLOW:  I think that I will object.

THE COURT: What is the basis of the objection, Mike?

MR. CALLOW: Judge, I don't know that the Court has the ability to put a Felony Defendant on non-reporting unsupervised visitation.

THE COURT: Not visitation.

MR. CALLOW: I am sorry, I am sorry.  Probation.  Probation, with a condition that the State of Ohio may somehow review records to determine if she violates.  I don't believe that is permitted by the Court, so we would object.

THE COURT:  Okay, and I note your objection as a response to that, just so the record reflects my response.  I have been on the Common Pleas

bench for 39 years, hundreds of cases where I've imposed this identical sentence for Felony drug possession, and have never been challenged, so if in fact you do challenge it, I would welcome some type of appellate review, but that is up to you Mike.

MR. CALLOW: Thank you judge.

MR. CALLOW: For the record, I have been doing this 27 years (inaudible).

THE COURT: Never seen it?

MR. CALLOW: Never seen it. I feel very comfortable objecting to it and we will decide it later. Thank you.

THE COURT: You are welcome. Okay. Anything else Greg?

MR. TARKOWSKY: Nothing additional, Your Honor.

Sent. T. at 21-26.

### Sentencing Entry

{¶10} The sentencing court noted that it reviewed the purposes of felony sentencing set forth in R.C. 2929.11, and "considered the provisions of R.C. Chapter 2929, the circumstances of the offense, the information contained in the pre-sentence investigation and the information furnished by the parties in [the] case." *Judgment Entry-Sentencing*, filed Sept. 29, 2022. [Docket Entry No. 24]. The visiting judge found Coffman had the future ability to be employed and to pay financial sanctions, and further found that, "[u]pon a consideration of the purposes and principles of the felony sentencing law and the statutory sentencing factors," she was amenable to a community control sanction and that such was consistent with the "purposes and

principles of the felony sentencing law of Ohio." Id. at 2-3.

{¶11} The sentencing court placed Coffman on community control for a period of one- year to commence on September 29, 2022, which included both nonresidential and financial sanctions. Id. at 3. The nonresidential sanctions consist of four conditions: (1) abstain from all drugs and alcohol, (2) abide by all laws, (3) not be found guilty of any jailable offense, and (4) not use marijuana or any of its derivatives. Id. at 3. The court further noted that it had verbally notified Coffman that, "based upon the statutory sentencing factors," it could impose a six- month jail term as a violation of community control sanctions. Id. at 4. It further granted Coffman 70-days of jail-time credit.

*Assignments of Error*

{¶12} The state raises two Assignments of Error,

{¶13} "I. A SENTENCING COURT ABUSES ITS DISCRETION, AND IMPOSES A SENTENCE THAT IS OTHERWISE CONTRARY TO LAW, WHEN IT FASHIONS [A] SENTENCE PURSUANT TO A BLANKET SENTENCING POLICY BASED ON PERSONAL CONVICTION AND MORAL OPPOSITION TO PRISON AS A SENTENCING OPTION FOR THOSE CONVICTED OF FIFTH-DEGREE FELONY DRUG POSSESSION OFFENSES.

{¶14} "II. SENTENCING COURT ABUSED ITS DISCRETION WHEN IT IMPOSED COMMUNITY CONTROL CONDITIONS THAT WERE STANDARD AND NOT "SPECIFICALLY TAILORED" TO ADDRESS APPELLEE'S UNIQUE AND INDIVIDUAL CIRCUMSTANCES, AS WELL AS IMPRACTICAL, AND WORK TO FRUSTRATE THE PURPOSES OF FELONY SENTENCING.

I.

{¶15} The state argues in its First Assignment of Error, that Coffman's sentence is contrary to law because the visiting judge stated that in his tenure as a judge he has not sent people to prison for possessing drugs.

**Standard of Appellate Review**

{¶16} The state is permitted to appeal as a matter of right a sentence imposed upon a defendant who is convicted of or pleads guilty to a felony if the sentence is contrary to law. R.C. 2953.08(B)(2).

{¶17} A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial-court record, including any oral or written statements and presentence-investigation reports. R.C. 2953.08(F)(1) through (4).

{¶18} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶22; *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶28. Our standard of review is de novo. *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 27.

{¶19} The Ohio Supreme Court reviewed the issue of "whether a sentence is "contrary to law" under R.C. 2953.08(G)(2)(b) when an appellate court finds that the record does not support a sentence with respect to R.C. 2929.11 and 2929.12. *State v.*

*Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649. Although a court imposing a felony sentence must consider the purposes of felony sentencing under R.C. 2929.11 and the sentencing factors under R.C. 2929.12, "neither R.C. 2929.11 nor 2929.12 requires [the] court to make any specific factual findings on the record." Id. at ¶ 20, *citing State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31, and *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶39. The Ohio Supreme Court further elucidated in *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶10, "R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by the trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12."

{¶20} "'Otherwise contrary to law' means "'in violation of statute or legal regulations at a given time.'" *Jones* at ¶ 34 *quoting* Black's Law Dictionary 328 (6th Ed. 1990). Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law. Claims that raise these types of issues are therefore reviewable. *State v. Bryant,* 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶22.

### R.C. 2929.13(B)

{¶21} R.C. 2929.13(B) applies to one convicted of a fourth- or fifth-degree felony. Coffman pled guilty to a felony of the fifth degree. In relevant part the statute provides,

(B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, *the court shall sentence the offender to a community control sanction or combination of community control sanctions if all of the following apply:*

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions that are available for persons sentenced by the court.

{¶22} R.C. 2929.13(B)(1) further provides,

(b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if *any* of the following apply:

(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

(ii) If the offense is a qualifying assault offense, the offender caused serious physical harm to another person while committing the offense, and, if the offense is not a qualifying assault offense, the offender caused physical harm to another person while committing the offense.

(iii) The offender violated a term of the conditions of bond as set by the court.

(iv) The court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, and the department, within the forty-five-day period specified in that division, did not provide the court with the name of, contact information for, and program details of any community control sanction that is available for persons sentenced by the court.

(v) The offense is a sex offense that is a fourth- or fifth-degree felony violation of any provision of Chapter 2907. of the Revised Code.

(vi) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.

(vii) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.

(viii) The offender held a public office or position of trust, and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or

the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.

(ix) The offender committed the offense for hire or as part of an organized criminal activity.

(x) The offender at the time of the offense was serving, or the offender previously had served, a prison term.

(xi) *The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.*

Emphasis added. In the case at bar, Coffman's bond was revoked because she did not submit to two drug tests while she was released on bond. Therefore, the legislature has given the judge discretion to determine the appropriateness of a prison sentence under these circumstances.

**Purposes and Principles of Felony Sentencing - R.C. 2929.11**

{¶23} R.C. 2929.11(A) governs the purposes and principles of felony sentencing and provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, which are (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. In order to achieve these purposes and principles, the trial court must consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. R.C. 2929.11(A). Additionally, the sentence "must be commensurate with, and

not demeaning to, the seriousness of the offender's conduct and its impact on the victims and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

## Seriousness and Recidivism - R.C. 2929.12

{¶24} R.C. 2929.12 is a guidance statute that sets forth the seriousness and recidivism criteria that a trial court "shall consider" in fashioning a felony sentence. Subsections (B) and (C) establish the factors indicating whether the offender's conduct is more serious or less serious than conduct normally constituting the offense. These factors include the physical or mental injury suffered by the victim due to the age of the victim; the physical, psychological, or economic harm suffered by the victim; whether the offender's relationship with the victim facilitated the offense; the defendant's prior criminal record; whether the defendant was under a court sanction at the time of the offense; whether the defendant shows any remorse; and any other relevant factors. R.C. 2929.12(B). The court must also consider any factors indicating the offender's conduct is less serious than conduct normally constituting the offense, including any mitigating factors. R.C. 2929.12(C). Subsections (D) and (E) contain the factors bearing on whether the offender is likely or not likely to commit future crimes.

**Issue for Appellate Review**: *Whether Coffman's sentence was imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12.*

{¶25} The visiting judge reviewed the Pre-Sentence Investigation report that was prepared and submitted in support of Coffman's Motion for Intervention in Lieu of Conviction. Sent. T. at 15. The PSI notes that Coffman has no prior felony record and

has not previously served a prison term. Sent. T. at 17. As noted in the PSI, the facts leading to her arrest involve her driving under a suspended license. Id. As she was leaving the driveway of her home, she was stopped and subsequently .13 grams of methamphetamine were found. Id. As of the date of the sentencing hearing, after having her bond revoked, Coffman had been in jail for a total of seventy days. Id. Coffman's Ohio Risk Assessment System score (ORAS) was low to moderate and none of the serious factors or F-4, or F-5 factors were marked. Id. at 18.

{¶26} Coffman admitted that she had served time in jail for misdemeanor offenses in the past. Sent. T. at 19. She further indicated that she had been employed and was awaiting an answer to her Social Security Disability application. Sent. T. at 20. Prior to this offense Coffman had been living with her mother. Id. Coffman apologized for her behavior. Id. at 21.

{¶27} The visiting judge selected the sentence, "that I feel is correct." Sent. T. at 21. The state did not object to the visiting judge's statements concerning a preference of non-prison for felony five drug possession offenders during the sentencing hearing.

{¶28} A "blanket policy" is a policy that is imposed as a matter of course without any consideration of the facts and circumstances of each case. *State v. Beasley,* 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474, ¶13. Although a trial court abuses its discretion when it adheres to a blanket policy, that is not what occurred here. *State v. Hill,* Slip Op. No. 2021-0913, 2022-Ohio-4544 (Dec. 20, 2022), ¶16. As referenced above, the trial court expressly stated that it considered the PSI, the statements of counsel and the statements of Coffman. The visiting judge considered the facts and circumstances of Coffman's case, specifically her low to moderate ORAS score, and the fact that she had

no prior felonies or prison time. The judge considered the fact that Coffman was employed, and found her to have a future ability to be employed and to pay financial sanctions. *Judgment Entry-Sentencing*, filed Sept. 29, 2022. The visiting judge expressly found Coffman to be amenable to community control sanctions. Id. The decision of the trial court here to not sentence Coffman to a prison sentence was thus not based on a blanket policy of refusing to sentence defendants convicted of drug abuse offenses to prison. Instead, the visiting judge exercised the discretion given to him by the state legislature based upon the specific facts and circumstances of Coffman's case. If we remove the remarks made by the visiting judge, the state can cite to nothing within the record of Coffman's case that would prohibit any judge from imposing the identical sentence.

{¶29} Although the visiting judge's statements concerning its "policy" may be unwise, in the case at bar we find that under the facts of this case, the trial court did not arbitrarily refuse to consider the facts and circumstances presented. *State v. Garcia,* 5th Dist. Tuscarawas No. 2018AP060024, 2018-Ohio-4818, ¶21. Rather, the record supports that the visiting judge considered the purposes and principles of sentencing [R.C. 2929.11] as well as the factors that the court must consider when determining an appropriate sentence. [ R.C. 2929.12]. The trial court has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.

{¶30} Upon a thorough review, we find the record clearly and convincingly supports the sentence imposed by the visiting judge. We find the visiting judge properly

considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the applicable factors set forth in R.C. 2929.12, along with all other relevant factors and circumstances. Coffman's sentence was within the applicable statutory range and within the judge's discretion to impose. Therefore, we have no basis for concluding that it is contrary to law.

**{¶31}** The state's First Assignment of Error is overruled.

II.

**{¶32}** In the Second Assignment of Error, the state argues that the visiting judge abused his discretion when he imposed conditions as part of community control that were not "specifically tailored" to address Coffman's unique and individual circumstances, and further failed to advise that Coffman "not leave the state without the permission of the court or the offender's probation officer." [Appellant's brief at 24].

**Standard of Appellate Review**

**{¶33}** R.C. 2929.15(A)(1) governs the authority of the trial court to impose conditions of community control. We review the trial court's imposition of community-control sanctions under an abuse-of-discretion standard. *State v. Talty,* 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶10. Generally, a court will not be found to have abused its discretion in fashioning a community-control sanction as long as the condition is reasonably related to the probationary goals of doing justice, rehabilitating the offender, and insuring good behavior. Id. at ¶ 12. This means courts must "consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of

probation."   *State v. Jones*, 49 Ohio St.3d 51, 53, 550 N.E.2d 469(1990) (citations omitted).

**Issue for Appellate Review**: *Whether the conditions of Coffman's community control sanctions are reasonably related to the probationary goals of doing justice, rehabilitating the offender, and insuring good behavior*

{¶34} A community-control sentence for a felony offender under R.C. 2929.15(A)(1) consists of one or more community control sanctions authorized pursuant to section 2929.16 [community residential sanctions], 2929.17 [nonresidential sanctions], or 2929.18 [financial sanctions] of the Revised Code.   Terms of incarceration in a community-based correctional facility, a halfway house, or a local jail are called "community residential sanctions," and a court sentencing for a felony is authorized to impose "a term of up to six months in a jail." R.C. 2929.16(A).   Local probation, day reporting, house arrest, community service, and curfew are classified as "nonresidential sanctions." R.C. 2929.17 ("the court imposing a sentence for a felony upon an offender who is not required to serve a mandatory prison term may impose any nonresidential sanction or combination of nonresidential sanctions").   Restitution, fines, and costs are "financial sanctions."   R.C. 2929.18(A).   In short, the statutes authorize a broad variety of community-control sanctions, and trial courts are empowered to "impose any other conditions of release under a community control sanction that the court considers appropriate * * *."   R.C. 2929.15(A)(1).   *State v. Amos,* 140 Ohio St.3d 238, 2014-Ohio-3160, 17 N.E.3d 528, ¶11.

{¶35} The statute makes clear the legislature intended that trial courts should have discretion to fashion community-control sentences that punish and protect but do

not unnecessarily waste scarce resources.  Id. at ¶ 12.  This statute by its plain terms directs the trial court to conserve resources when possible by imposing a "fine-only" sentence for a felony offense.  Id. at ¶ 13.

### *Non-residential Community Control Sanctions*

{¶36}  The visiting judge sentenced Coffman to non-reporting sanctions for a period of one-year and financial sanctions totaling approximately one hundred dollars. R.C. 2929.17

{¶37}  As a nonresidential sanction, a trial court is authorized to sentence a defendant to "a term of monitored time." R.C. 2929.17(G).  R.C. 2929.01(Y) defines "monitored time" as, "a period of time during which an offender continues to be under the control of the sentencing court or parole board, subject to no conditions other than leading a law-abiding life." Thus, a trial court can sentence a defendant to unsupervised, non-reporting "monitored time" during which the defendant remains subject to violation by the sentencing court.  *See, In re R.B.*, 162 Ohio St.3d 281, 2020-Ohio-5476, 165 N.E.3d 288, ¶25; *In re J.F.,* 121 Ohio St.3d 76, 2009-Ohio-318, 902 N.E.2d 19, ¶ 10; *State v. Castleberry,* 2nd Dist. Montgomery No. 28541, 2020-Ohio-4233, ¶1; *State v. Eaton,* 3rd Dist. Auglaize Nos. 2-10-10, 2-10-11, 2010-Ohio-6065, ¶9; *State v. Hart,* 5th Dist. Tuscarawas No. 2016AP100052, 2017-Ohio-4079, ¶11; *State v. Chappell,* 8th Dist. Cuyahoga No. 93298, 2010-Ohio-2465, ¶22.

{¶38}  Next, the visiting judge imposed a condition that Coffman must abstain from alcohol and drugs and must not use marijuana or any of its derivatives.  The trial court further imposed conditions of good behavior, abide by all laws, and that she not be found guilty of any jailable offense.  Sent. T. at 22-23; *Judgement Entry-Sentencing*, filed

Sept. 29, 2022.

{¶39} In addition to requiring an offender to "abide by the law," R.C. 2929.15(A) gives the trial court discretion to "impose any other conditions of release under a community control sanction that the court considers appropriate, including, but not limited to, requiring that the offender not ingest or be injected with a drug of abuse...." In the case at bar, the trial judge was careful to explain to Coffman that while possessing small amounts of marijuana are not considered a crime in the state of Ohio, use or possession of any amount would result in a violation of the terms of her community control.  Sent. T. at 22-23.

{¶40}  We find that these conditions are not overly broad, are reasonably related to rehabilitating Coffman, have some relationship to the crime of which Coffman was convicted, and relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation.  *State v. Jones*, 49 Ohio St.3d 51, 53, 550 N.E.2d 469(1990).

{¶41}  We hold that the visiting judge did not abused his discretion in fashioning the community-control sanctions in the case at bar.  Because Coffman's community control is unsupervised and non-reporting, we find any failure of the visiting judge to advise her not to leave the state without the court's permission to be harmless beyond a reasonable doubt.

{¶42} The judgment of the Ashland County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

King, J., concur